### In re SEABOARD ENGINEERING CO., Inc.

### WATSONTOWN DOOR & SASH CO. v. MANLY.

(Circuit Court of Appeals, Fourth Circuit. February 5, 1924.)

No. 2103.

Bankruptcy ⊚⟿140(½)—Order given by bankrupt to creditor and accepted by bankrupt's debtor held to create trust in fund subsequently recovered by trustee.

    Where bankrupt, a building contractor, gave petitioner, a furnisher of materials, an order on the owner, payable out of retained percentages when due, which the owner accepted, a sum paid by the owner to bankrupt's trustee in settlement of a claim for retained percentages *held* impressed with a trust in favor of petitioner created by the order and its acceptance.

Petition to Superintend and Revise, in Matter of Law, Proceedings of the District Court of the United States for the District of Maryland, at Baltimore, in Bankruptcy; John C. Rose, Judge.

On rehearing. Reversed.

For prior opinion, see 292 Fed. 106.

L. B. Keene Claggett, of Baltimore, Md. (Edgar Allan Poe and Bartlett, Poe & Claggett, all of Baltimore, Md., on the brief), for petitioner.

J. Purdon Wright, of Baltimore, Md. (Paul R. Kach, of Baltimore, Md., on the brief), for respondent.

⊚⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Before WOODS and WADDILL, Circuit Judges, and McDOW-ELL, District Judge.

WOODS, Circuit Judge. A judgment of affirmance was entered in this court on July 6, 1923. 292 Fed. 106. A petition for rehearing was filed, accompanied by a stipulation in which it was agreed that the following petition and order from the District Court should be treated as part of the record:

"The petition of George W. Manly, trustee in bankruptcy of the Seaboard Engineering Company, respectfully represents:

"(1) That on the 21st day of April, 1921, he filed a petition in this court praying that the Park Heights Manor Development Company be ordered to account to him for the balance due from it for certain work done by the bankrupt under its contract with the said Park Heights Manor Development Company as therein set forth, to which the said Park Heights Manor Development Company filed its answer on the 8th day of June, 1921, denying that there was any balance due the trustee from it.

"(2) That on the 13th day of June, 1922, this court passed an order directing the said Park Heights Manor Development Company to prepare and file in this court a complete statement of its transactions and expenditures in the completion of the houses under construction for it by the bankrupt prior to its adjudication, which said statement was filed by the said Park Heights Manor Development Company on the 21st day of June, 1922.

"(3) That a hearing having been had of the cause, the court indicated in open court that the papers in this case be referred to a special master for the purpose of hearing the testimony and rendering an account in the premises.

"(4) That on the 29th day of June, 1922, the trustee obtained an order from this court authorizing him to bring suit against the Park Heights Manor Development Company, Morris S. Myerhoff, Albert J. Fleischman and Lester Cohn, to recover from them $7,000 alleged to have been received by them as a preference. That to this suit the defendants, the Park Heights Manor Development Company, Morris S. Myerhoff and Albert J. Fleischman have filed pleas denying liability, and no service has been obtained upon the defendant Lester Cohn, he not being within the jurisdiction of this court.

"(5) That the defendants, the Park Heights Manor Development Company and Morris S. Myerhoff, have approached your petitioner and have offered to pay him the sum of $3,000 in full payment and discharge of any and all claim which he might have against the said Park Heights Manor Development Company in connection with the accounting aforesaid and which he may have against any of the defendants for the alleged $7,000 preference, and have also agreed if said offer be accepted to pay the court costs in connection with the litigation.

"(6) That it is the opinion of your petitioner that it would be to the best interest of the estate to accept the said offer, the matters in controversy involving disputed facts and principles of law, which are not clearly established beyond dispute, so that the outcome of the litigation is necessarily uncertain.

"Wherefore your petitioner prays that an order be passed authorizing him to accept the said offer.                    George W. Manly, Trustee."

"Ordered by the United States District Court for the District of Maryland, in bankruptcy, this 11th day of December, 1922, upon the aforegoing petition and affidavit, that George W. Manly, trustee in bankruptcy of the Seaboard Engineering Company, be, and he is hereby authorized and directed to accept the offer of the Park Heights Manor Development Company and Morris S. Myerhoff of $3,000 and costs of suit in full payment and discharge of any claim that he may have as such trustee against the Park Heights Manor Development Company, growing out of their contract with the bankrupt for the erection of certain houses, as mentioned in the above petition, and which he may have against the defendants in a certain suit at law now pending in this court for the recovery of the alleged $7,000 preference as mentioned in the above petition, subject to the usual notice to creditors."

The court, being impressed with the material bearing of these documents, ordered a rehearing.

The important fact now made evident did not appear in the record presented at the former hearing, namely: That the $3,000 received by the trustee in satisfaction of his claim for $7,000 of retained percentages improperly disbursed by the Park Heights Manor Development Company was repaid by the Park Heights Manor Development Company itself and Myerhoff, its president. Both these parties had full notice of the order given to the Watsontown Door & Sash Company for $9,000 of retained percentages presented by that company and accepted by the Park Heights Manor Development Company to be paid when the percentages to that amount should be due. It is true that the petition of the Watsontown Door & Sash Company alleged that Fleischman and Cohn, not Myerhoff and the Park Heights Manor Development Company, had converted the $7,000 of retained percentages to their own use.

But the manifest purpose of the petition was to impress any part of the $7,000 retained percentages recovered by the trustee in bankruptcy in his action, with the trust in favor of the Watsontown Door & Sash Company. The particular person from whom the money might be recovered was not important. The $3,000 received by the trustee has now been clearly identified as part of the retained percentages which the Watsontown Door & Sash Company was entitled to receive on its order to the amount of $9,000 conditionally accepted by the Park Heights Manor Development Company. It cannot be material whether the Park Heights Manor Development Company or Myerhoff, its president, paid the $3,000. The suit of the trustee was for $7,000, specifically described and identified as retained percentages, and it was in settlement of this claim that the $3,000 in controversy was paid to the trustee. Nobody, therefore, disputes or can dispute that the $3,000 is a recovery of retained percentages to which the Watsontown Door & Sash Company had a right in preference to all others by reason of its accepted order.

The judgment must therefore be reversed.

Reversed.